UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIX M. MONTECASTRO, | No. 1:19-cv-01065-NONE-BAM (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR CONSIDERATION AS TO CLASS ACTION STATUS |
| NEWSOME, *et al.*, | (Doc. No. 10) |
| Defendants. | ORDER REGARDING MOTION DEMANDING RULING ON PENDING OBJECTIONS TO MAGISTRATE JUDGE ORDERS |
| | (Doc. No. 15) |

Plaintiff Hendrix M. Montecastro is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was originally filed jointly by plaintiff and Paul Adams, another state prisoner. The complaint stated as follows:

> Also the Plaintiffs file suit as a JOINT ACTION and later may move if appropriate move to classify this action as a CLASS ACTION LAW SUIT, so thereby, Plaintiffs reserve CLASS ACTION status prospect depending on the circumstances of this action; OTHERWISE THE COURT SHOULD CONSIDER CLASSIFYING THIS ACTION AS A CLASS ACTION HEREWITH IN THE INTERESTS OF JUSTICE.

(Doc. No. 1, p. 2. (unedited text).)

/////

1

Because no motion for class certification had yet been filed, on August 14, 2019, the assigned magistrate judge determined that this action should be severed and that each plaintiff should proceed separately with respect to his own claim. (Doc. No. 4.) Plaintiff filed objections on August 28, 2019, a motion for reconsideration as to the case's class action status on September 27, 2019, and further objections to the order to sever the action on September 30, 2019. (Doc. Nos. 7, 10, 11.)

A petition for writ of mandamus was denied by the Ninth Circuit Court of Appeals on November 21, 2019. (Doc. No. 13.) On February 21, 2020, plaintiff filed a motion demanding a ruling on his pending objections to the magistrate judge's orders. (Doc. No. 15.) A second petition for writ of mandamus was denied by the Ninth Circuit on June 25, 2020. (Doc. No. 17.)

Ultimately, plaintiff objects to the magistrate judge's severance of the case into two separate actions and argues that this action should be certified as a class action, with him acting as class counsel.

Plaintiff's objection as to the severance of the case is unpersuasive. Despite plaintiff's argument that he did not consent to magistrate judge jurisdiction over this action, the magistrate judge retained authority to determine non-dispositive matters, such as whether severance of this action was appropriate. *See* 28 U.S.C. § 636(a). To the extent plaintiff's objections set forth a request for immediate screening of the complaint and service of summons on defendants, that request is denied. Plaintiff's complaint will be screened in due course.

As to plaintiff's request that this action be granted class action status, the request is denied. Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff is not an attorney and is proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See Smith v. Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.

1966)). A non-attorney proceeding pro se may bring his own claims to court but may not represent others. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for others"). Therefore, it is inappropriate for plaintiff to proceed as class counsel, and his request in that regard is denied.

Accordingly,

1. Plaintiff's motion for consideration as to class action status of this case, (Doc. No. 10), is denied;
2. Plaintiff's motion for a ruling on his pending objections to the magistrate judge's orders (Doc. No. 15), is addressed by the instant order and is rendered moot as a result of this order; and
3. This action is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 19, 2021**

_____
UNITED STATES DISTRICT JUDGE

3