UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIX M. MONTECASTRO, | No. 1:19-cv-01065-NONE-BAM (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| NEWSOME, *et al.*, | |
| Defendants. | (ECF No. 1) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Hendrix M. Montecastro ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Procedural Background**

This action was originally filed jointly by Plaintiff and Paul Adams, another state prisoner. (Doc. 1, p. 2.) The action purported to allege class action claims for a class of inmates, represented by Plaintiff and Paul Adams. On August 14, 2019, the assigned magistrate judge determined that this action should be severed, and that each plaintiff should proceed separately on his own claim. (Doc. 4.) Plaintiff filed objections on August 28, 2019, a motion for reconsideration as to the case's class action status on September 27, 2019, and further objections to the order to sever the action on September 30, 2019. (Doc. 7, 10, 11.)

1

A petition for writ of mandamus was denied by the Ninth Circuit Court of Appeals on November 21, 2019.  (Doc. 13.)  Plaintiff then filed a motion demanding a ruling on his pending objections to the magistrate judge's orders on February 21, 2020.  (Doc. 15.)  A second petition for writ of mandamus was denied by the Ninth Circuit on June 25, 2020.  (Doc. 17.)

Plaintiff objected to the magistrate judge's severance of the case into two separate actions and argued that this action should be certified as a class action, with him acting as class counsel.  On March 22, 2021, the district judge assigned to this case ruled that the two plaintiffs were properly severed into separate cases and that this case may not proceed as a class action, as Plaintiff, a layperson, cannot represent the interests of a class.  (Doc. 18.)  Plaintiff's complaint, filed on August 2, 2019, is now before the Court for screening.  (Doc. 1.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.     Plaintiff's Allegations

Plaintiff is currently housed at California Correctional Institution, in Tehachapi, California, where the allegations in the complaint took place. Plaintiff names the following defendants: (1) Galvin Newsome,[1] Governor of California, (2) Ralph M. Diaz, Secretary of California Department of Corrections ("CDCR"), and (3) Does 1-10. Defendants are sued in their official capacities.

Plaintiff alleges an Eighth Amendment violation for deliberate indifference to serious basic human need or the minimal civilized measure of life's necessities. Plaintiff alleges Defendants refuse to establish reasonable compensation for prison labor, and that paying prisoners only $0.08 up to $0.37 per hour is deliberate indifference and denies basic human needs. Plaintiff alleges that he is being denied rehabilitation to be able to function in society and to be able to do so mentally and emotionally. Not paying Plaintiff basic minimum wage is cruel and unusual punishment. Since CDCR elects to pay inmates wages and establish work positions, such low wage amounts are unreasonable and violation of the Eighth Amendment. These wages put Plaintiff lower than the lowest class of society. Plaintiff alleges he has been denied the right to function in the mainstream of society and deprived of rehabilitation. Plaintiff contends that he has a statutory right to work benefits which include reasonable pay. Plaintiff suffers denial of basic human needs and minimal civilized measure of life's necessities because rehabilitation consists of being able to function in mainstream society, which cannot be achieved if Plaintiff is homeless upon release (all housing programs are so overly crowded). Plaintiff has been denied, through the deliberate indifference of Defendants, the ability to earn and save money for his release from prison, which would include paying restitution and he cannot get financially secure.

On June 15, 2019, Plaintiff sent an 11-page letter to both Defendants stating his position, which Defendants ignored.

In claims 1 and 3, Plaintiff alleges violation of the Eighth Amendment, deliberate indifference, the Rehabilitation Act of 1973, 29 U.S.C. §794, for not providing basic necessities

---

[1] The court has listed the name as it is spelled in the complaint.

or minimal civilized measure of life's necessities. In claim 2, Plaintiff alleges intentional infliction of emotional injury in violation of the constitution for not being paid minimum wage. Plaintiff also alleges violation under various California laws, such as California Proposition 57; California Constitution; and California Title 15, Art. 3 §3041.2 (pay rates).

As remedies, Plaintiff seeks declaratory judgment that his rights have been violated, seeks injunctive relief granting minimum wage which is $12.00 per hour, and other relief as the Court deems proper.

### IV. Discussion

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

### A. Fourteenth Amendment and Eighth Amendment

Plaintiff fails to state a cognizable claim under either the Fourteenth Amendment or Eighth Amendment. For the reasons explained below there is no constitutional right to a prison job, or its benefits, including pay.

"[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); and citing *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir.1985)); *see also Rainer v. Chapman*, 513 Fed.Appx. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did not give rise to a constitutionally protected liberty or property interest"); *Barno v. Ryan*, 399 Fed.Appx. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth Amendment or Eighth Amendment rights); *Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1177 (S.D. Cal. 2009) (stating that "[w]hile state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections, the instances in which due process can be invoked are significantly limited," and holding that a California state prisoner had not shown "a right to prison employment" protected under the Due Process Clause); *Hunter v. Heath*, 95 F.

Supp. 2d 1140, 1147 (D. Or. 2000) ("It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment."), rev'd on other grounds, 26 Fed.Appx. 764, 755 (9th Cir. 2002).

Under the Eighth Amendment, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Conditions of confinement may, however, be harsh and restrictive. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective test. *Id.* The objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Id.* As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A prison job, however, is not a basic human need and the loss thereof does not give rise to an Eighth Amendment violation. *See Barno v. Ryan*, 399 F. App'x 272, 273 (9th Cir. 2010) (unpublished opinion) (potential loss of prison job caused by erroneous sex offender classification does not give rise to Eighth Amendment claim); *Cox v. Pacholke*, No. C12-5421 BHS/KLS, 2012 WL 5877513, at *4, 2012 U.S. Dist. LEXIS 165914, at *9-10 (W.D. Wash. Oct. 9, 2012) (finding that "[t]here is no constitutional right to receive and retain a particular prison job assignment" so termination from employment does not violate the Eighth Amendment); *Pack v. Lizarraga*, 2020 WL 1304478, at *2 (E.D. Cal. Mar. 19, 2020) (the loss of plaintiff's prison job does not violate any federal constitutional right).

If an inmate has no constitutionally protected interest in maintaining a particular job assignment, then, *a fortiori*, he has no constitutionally protected interest in any benefit that may stem from maintaining a particular job assignment. Courts which have considered this issue agree; there is not a constitutionally protected right in prison pay. *Perry v. W. Va. Corr. Indus.*,

No. 5:15CV139, 2018 WL 6579169, at *5 (N.D.W. Va. Dec. 13, 2018) (denial of prison pay or any benefit that stems from the prison job does not violate the constitution), aff'd sub nom., *Perry v. Whitehead*, 771 F. App'x 241 (4th Cir. 2019); *Barlow v. Lopes*, No. 85-CV-0529, 1985 WL 8795, at *1 (D. Conn. 1985) (the constitution has withstood attacks by prisoners for low pay or no pay) (citing cases); *Edwards v. New York State Dep't of Corr. & Cmty. Supervision*, No. 919CV0254MADATB, 2019 WL 1978803, at *7 (N.D.N.Y. May 3, 2019) (plaintiff's due process claim arising from allegations that he is paid unfair wages is dismissed for failure to state a claim upon which relief may be granted.)  "Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter v. Tucker*, 69 Fed.Appx. 678, 680 (6th Cir. 2003*); Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968), cert. denied, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969) (prisoner has no constitutional right to be paid for his prison labor and such compensation is by grace of the state). No constitutional right would be violated even if Plaintiff only received half of his expected pay resulting from half being deducted to pay his debt to the institution. *See Singleton v. Page*, No. 96-2637, 1999 WL 1054594, at *1 (7th Cir. Nov. 17, 1999) (finding that since there was no legal basis for the prisoner's asserted property interest in withheld state pay, his due process arguments failed); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (finding that the requirement that inmates assign one-half of their savings from prior prison work in order to continue in their Federal Prison Industries job assignments did not violate their due process rights); *Martin v. Gregory*, No. 1:16-CV-P29-GNS, 2016 WL 3964462, at *4 (W.D. Ky. July 20, 2016) (no right to object to fees taken from prison pay). Plaintiff has no constitutional right to educational, vocational or rehabilitative programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of job and educational opportunities did not amount to an Eighth Amendment violation).

     Plaintiff does not complain that he is being denied basic necessities or minimal civilized measure of life's necessities while incarcerated.  Rather, he complains of post-incarcerated impacts from the lack of wages he receives while incarcerated.  Plaintiff complains he wishes to be paid minimum wage so that he may save sufficient money in anticipation of release from

prison, and he may support himself upon release. While a laudable goal for Plaintiff to contemplate, the Constitution does not provide the protection he seeks. Neither Due Process in the Fourteenth Amendment nor the Eighth Amendment protect wages for a prisoner's prison job.

### B. Injunctive Relief

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief Plaintiff is seeking, payment of minimum wage, goes beyond what would be allowed under the PLRA as it is not narrowly tailored to address the violations of the rights at issue in this action and is too intrusive. Further, an injunction cannot be based on speculative injury. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the

7

1  possibility of an injury.

2  **C. State Law Claims**

3  Plaintiff may be attempting to allege negligence.

4  Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original
5  jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are
6  so related to claims in the action within such original jurisdiction that they form part of the same
7  case or controversy under Article III of the United States Constitution," except as provided in
8  subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed
9  before trial, ... the state claims should be dismissed as well*." United Mine Workers of Am. v.*
10 *Gibbs*, 383 U.S. 715, 726 (1966).

11 Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff
12 must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

13 Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims
14 with the California Victim Compensation and Government Claims Board, and Plaintiff is required
15 to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist*., 42 Cal. 4th
16 201, 208–09 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde*), 32 Cal. 4th 1234, 1239
17 (Cal. 2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th
18 Cir. 2001); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995);
19 *Karim– Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not
20 alleged he has complied with the Government Claims Act for his state law claim.

21 **D.  Further Leave to Amend Futile**

22 Leave to amend should be granted if it appears possible that the defects in the complaint
23 could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th
24 Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant
25 must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is
26 absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing
27 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it
28 is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to

amend. *Cato*, 70 F.3d at 1005-06. The undersigned finds that, as set forth above, Plaintiff's allegations fail to state a federal claim for relief and amendment would be futile. Accordingly, Plaintiff's complaint should be dismissed without leave to amend.

### V. Conclusion and Recommendation

IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 25, 2021__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE