UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIX M. MONTECASTRO,<br><br>   Plaintiff,<br><br>   v.<br><br>NEWSOME, *et al.*,<br><br>   Defendants. | No. 1:19-cv-01065-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. No. 19) |

Plaintiff Hendrix M. Montecastro is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 25, 2021, the assigned magistrate judge screened the complaint and issued findings and recommendations, recommending that the federal claims in this action be dismissed, with prejudice, due to plaintiff's failure to state a cognizable claim upon which relief may be granted, and that the court decline to exercise supplemental jurisdiction over plaintiff's asserted state law claims. (Doc. No. 19.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 9.)

Plaintiff filed objections on April 22, 2021. (Doc. No. 20.) Plaintiff contends his objections, although untimely, should be reviewed because the COVID-19 pandemic has limited

his library access.  The court construes plaintiff's untimely objections as a motion for leave to file untimely objections and grants the motion.

Plaintiff objects on the grounds that under *Sandin v. Conner*, 515 U.S. 472 (1995), he is paid unconstitutionally low wages for his labor in prison.  (Doc. No. 20 at 2–4.)  Specifically, he argues that California has created a property interest by establishing wages for prison labor, and the wages set are so low as to violate his due process rights.  The court agrees with the magistrate judge that plaintiff failed to state a claim under the Due Process Clause.

As noted in the pending findings and recommendations, prisoners have no constitutional right to be paid for their labor.  *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) ("The Constitution does not provide prisoners any substantive entitlement to compensation for their labor.").  Thus, there is no right under the Due Process Clause to be paid a fair wage for prison labor.  *Id.* (holding that prisoners' due process rights are not violated by unfair wages "because prisoners do not have a legal entitlement to payment for their work, and the Due Process Clause protects only against deprivation of existing interests in life, liberty, or property").  As stated in the pending findings and recommendations, "[i]f an inmate has no constitutionally protected interest in maintaining a particular job assignment, then, *a fortiori*, he has no constitutionally protected interest in any benefit that may stem from maintaining a particular job assignment." (Doc. No. 19 at 5.)

It is true that states electing to pay prisoners can, in some instances, create a property interest in that pay.  *See Serra*, 600 F.3d at 1196 ("Nor do Plaintiffs claim that they were paid less than the applicable regulations require.  If, without due process, they were deprived of pay to which they were entitled under the regulations, Plaintiffs might have a colorable claim." (footnote omitted)); *Ward v. Ryan*, 623 F.3d 807, 811 (9th Cir. 2010) ("[S]tatutes granting inmates a protected property interest in their wages may also limit and define the contours of such interest.").  However, here, plaintiff alleges state law or regulations set the minimum wage at between eight and 37 cents per hour and that when he worked, he was paid 32 cents per hour. (Doc. No. 1 at 2, 15.)  Thus, as in *Serra*, plaintiff fails to state a claim because he does not allege that he was paid less than what the applicable regulations require.  *See* 600 F.3d at 1196.

Plaintiff's objections concerning parolees is unavailing for the reasons set forth in the findings and recommendations. Plaintiff is not a parolee.

Plaintiff also seeks further leave to amend. (Doc. No. 20 at 4.) The pending findings and recommendations recommended that plaintiff be denied further leave to amend, reasoning that any amendment would be futile under the circumstances. (Doc. No. 19 at 8–9.) Denying leave to amend to a *pro se* litigant after a first complaint is proper only if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, plaintiff alleges he was paid $0.32 per hour, which is within the prescribed range of pay for prisoners. (Doc. No. 1 at 2, 15.) Thus, the court concludes that granting further leave to amend would be futile here.

Accordingly,

1. The findings and recommendations issued on March 25, 2021 (Doc. No. 19) are adopted in part;
2. The federal claims in this action are dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted;
3. The exercise of supplemental jurisdiction over plaintiff's state law claims is declined, and the state law claims are dismissed, without prejudice, for lack of subject-matter jurisdiction; and
4. The Clerk of the Court is directed to assign a district judge for the purpose of closing this case and to close this case.

IT IS SO ORDERED.

Dated:  **June 11, 2021**                              /s/ Dale A. Drozd
                                                        UNITED STATES DISTRICT JUDGE

3